IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT GARDNER, SARAH GARDNER, )
JOELLEN OESTER, JAMES FRIEDKIN, MARK )
HELLICKSON, VACATION RENT CHICAGO, )
LLC, JESS MARTIN, MARY MARTIN, JJB ) No. 11 C 7792
PRIME PROPERTIES, OUT WAY OUT, LLC, )
PETER RODA, DAVID SCHUBLAK, ALYN ) Judge Robert W. Gettleman
TRATT, MARIA ZEHAK, GEORGE ZEHAK, )
JANE NASH, JOHN RUCKDAESCHEL, )
DARRYL PHILLIPS, and BQ MANAGEMENT, )
LLC, )
        Plaintiffs, )
  v. )
)
CITY OF CHICAGO, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

A recently enacted Chicago ordinance creates zoning restrictions and licensing requirements for short-term vacation rental properties. Plaintiffs own residential units in a condominium building in downtown Chicago and, for a number of years, have rented the units as short-term vacation properties. According to plaintiffs, the new ordinance prevents them from continuing to lawfully use their condo units as vacation rentals. Plaintiffs filed a complaint in the Circuit Court of Cook County, bringing Illinois state-law claims for declaratory and injunctive relief, along with claims under the Illinois and United States Constitutions: (1) that the ordinance violates the Fourteenth Amendment's due process and equal protection clauses and their Illinois Constitution equivalents, and (2) that the ordinance will cause plaintiffs to lose rental income and property value in excess of $1 million, in violation of the Fifth Amendment's takings clause and Illinois's constitutional analogue.

Defendant removed the action to this court under 28 U.S.C. § 1441(b) based on the complaint's inclusion of federal claims. In true bureaucratic fashion, defendant promptly moved to dismiss, contending that plaintiffs' federal claims were not ripe because plaintiffs had not yet finished litigating their attacks on the ordinance in state court.[1] Defendant based this motion on the well-established principle that the takings clause prohibits only the taking of private property without just compensation, so an as-applied takings challenge is not ripe until the state has failed "to provide adequate compensation for that taking." See Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985). Relatedly, substantive due process and equal protection attacks on an ordinance that allegedly resulted in an unconstitutional taking must also wait until the plaintiff has unsuccessfully sought all available and adequate state-law relief for those claims. See Muscarello v. Ogle Cty. Bd. of Comm's, 610 F.3d 416, 422 (7th Cir. 2010) (exhaustion requirement applies to equal protection claim based on a taking); Greenfield Mills, Inc. v. Macklin, 361 F.3d 934, 960 (7th Cir. 2004) (same exhaustion requirement applies to substantive due process claim based on a taking); see also River Park, Inc. v. City of Highland Park, 23 F.3d 164, 165 (7th Cir. 1994) ("Labels do not matter. A person contending that state or local regulation of the use of land has gone overboard must repair to state court.").

Thwarted in their attempt to seek state relief while preserving their federal claims, plaintiffs responded by filing the instant motion to remand their action back to state court. They agree with defendant "that this Court does not presently have jurisdiction over Plaintiffs' federal

---

[1] Defendant supplemented its jurisdictional argument with contentions that plaintiffs had failed to state cognizable federal claims and that the court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims.

claims," but point out that under San Remo Hotel, L.P. v. City and Cty. of San Francisco, Cal., 545 U.S. 323 (2005), the state court in which they initially filed this action has jurisdiction to hear their state claims and federal claims together. To allow the parties to brief plaintiffs' motion, the court struck defendant's motion to dismiss without prejudice and suggested that defendant re-file it should plaintiffs be unsuccessful in their efforts to return to state court.

Defendant responds that it does not oppose plaintiffs' motion to remand to the extent that the court finds all of the federal claims to be unripe. Plaintiffs seize on this language to assert that defendant "does not oppose remand," which makes sense given defendant's earlier position that the federal claims are unripe. Defendant's position, however, has changed; it now offers several reasons why each of the federal claims might be ripe despite plaintiffs' failure to be denied compensation from Illinois and rejected in an attempt to invalidate the ordinance in state court. Defendant requests that, if the court finds that at least one of the federal claims is ripe, it deny plaintiffs' motion to remand and allow defendant to re-file its motion to dismiss in this court.

This position is circular. Defendant's request would require the court to adjudicate ripeness now, and then—if the court disagrees with the argument advanced in defendant's motion to dismiss, to which plaintiffs have not had an opportunity to respond—give it a second bite at the apple by considering the ripeness issue anew in the course of ruling on the motion to dismiss. In a similarly convoluted maneuver, defendant also suggests that if the court finds the claims are ripe, it should simply "reach the merits of the City's motion to dismiss on substantive grounds, and dismiss these claims" without first allowing that motion to be fully briefed.

Even if these requests are improper, however, it was plaintiffs that caused the overlap by premising their motion to remand on their federal claims' unripeness, which defendant had already raised in its motion to dismiss, and then requesting the court to stay briefing on that motion to dismiss. Because there are Illinois constitutional counterparts to their federal claims—of which plaintiffs are certainly aware, because they have brought those claims too—as a general rule, plaintiffs must pursue the state claims before, or along with, the federal claims. San Remo Hotel, 545 U.S. at 346 ("The requirement that aggrieved property owners must seek 'compensation through the procedures the State has provided for doing so' does not preclude state courts from hearing simultaneously a plaintiff's request for compensation under state law and the claim that, in the alternative, the denial of compensation would violate the Fifth Amendment of the Federal Constitution.") (quoting Williamson, 473 U.S. at 194).

As defendant notes, there are a few exceptions to this exhaustion requirement. For one, if plaintiffs' remedies were unavailable, they need not have exhausted them. Williamson, 473 U.S. at 197. Plaintiffs attempted to litigate in state court, but defendant made that impossible by removing the action to this court. It might thus be said that state-court remedies are no longer available to plaintiffs. Certainly, plaintiffs have not "neglect[ed] or distain[ed] their state remedies," as has usually been the case when a plaintiff is chastised for failing to exhaust. River Park, 23 F.3d at 165; see id. at 167 ("Instead of asking for relief from the state courts, [plaintiff] went along with the political process until it was too late."). The state remedies, however, are not inexorably unavailable—the court can solve that problem by remanding to state court. So the unavailability exception does not apply.

4

There is another exception, though: facial challenges need not be exhausted. Yee v. Escondido, 503 U.S. 519, 534 (1992). True, plaintiffs' takings claim is not a facial attack; they seek compensatory damages for their projected lost rental income and loss of property value. See Muscarello v. Ogle Cty. Bd. of Comm'rs, 610 F.3d 416, 422 (7th Cir. 2010). But the equal protection and due process claims, under which plaintiffs request a declaration deeming the ordinance "unlawful and unenforceable" and an injunction barring its enforcement, certainly sound like facial challenges to the ordinance. Consequently, plaintiffs need not have exhausted their state remedies with regard to the equal protection and due process claims.

But regardless, under R.R. Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941), "the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them." Harrison v. NAACP, 360 U.S. 167, 176 (1959), quoted in Virginia v. Black, 538 U.S. 343, 379 (2003). Plaintiffs' claims could be resolved by a state court's ruling on plaintiff's challenges to Chicago's vacation rentals ordinance under Illinois state law. Thus, the rationale for Pullman abstention—"the prospect of obviating the need for a federal constitutional ruling"—is present, making remand proper for this reason. Int'l Coll. of Surgeons v. City of Chicago, 153 F.3d 356, 365 (7th Cir. 1998).

Thus, for the foregoing reasons, plaintiffs' motion to remand is granted.

**ENTER:** **March 2, 2012**

_____
**Robert W. Gettleman
United States District Judge**